```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LEON PERRY, | Civil Action No. 10-6099 (NLH) |
| Petitioner, | |
| v. | |
| US FBOP, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

IT APPEARING THAT:

1.  Petitioner filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging an administrative sanction.

2.  Since the Petition arrived unaccompanied by Petitioner's filing fee or his in forma pauperis ("IFP") application, the Court directed Petitioner to submit his filing fee (or a duly executed IFP application) and administratively terminated this matter, subject to reopening upon Petitioner's timely compliance with the Court's directive.

3.  On June 27, 2011, Petitioner submitted his filing fee of $5.00.

4.  The Petition arrived accompanied by an attachment; the attachment included a detailed record of the administrative proceedings underlying the sanction challenged by Petitioner. The Petition and attached record indicate that

   Petitioner was sanctioned after excessive amount of stamps was found "inside" Petitioner's mattress.

5. The Petition also indicates that Petitioner was sanctioned to loss of certain privileges (<u>i.e.</u>, visitation privileges and loss of right to commissary purchases) for the period of 90 days.

6. However, habeas relief is not available with regard to the sanctions allegedly suffered by Petitioner.  In a series of cases beginning with <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of civil rights and habeas corpus.  In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate or speedier release.  <u>See</u> <u>id.</u> at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  <u>See</u> <u>id.</u> at 494.  Assessing the prisoners' challenge, the Supreme Court held that a prisoner must bring a suit for equitable relief that, effectively, challenges "the fact or duration of confinement" as a habeas corpus petition.  <u>See</u> <u>id.</u> at 500.  The Court of Appeals for the Third Circuit explained

the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).[1]  Therefore, a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  In contrast, if a judgment in the prisoner's favor would not affect the fact or duration of the prisoner's incarceration, habeas relief is unavailable and a civil complaint is the appropriate form of remedy.  See, e.g., Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3rd Cir. 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge

---

[1] As § 1983 action applies only to state actions, it is not available to federal prisoners; the federal counterpart is an action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), alleging deprivation of a constitutional right.

to his transfer between federal prisons); Bronson v. Demming, 56 Fed. App'x 551, 553-54 (3rd Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil rights complaint).[2]

7. Therefore, Petitioner's claims are not cognizable under 28 U.S.C. § 2241 because the loss of Petitioner's visitation and commissary privileges do not affect the fact or duration of his confinement. See Ganim, 235 Fed. App'x 882 (3d Cir. 2007); Bronson, 56 Fed. App'x 551 (3d Cir. 2002); Woodall v.

---

[2] Unlike habeas actions, civil rights cases require collection of a filing fee, either as a prepayment or a series of installment payments. See 28 U.S.C. § 1915. The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee. See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of PLRA do not apply to in forma pauperis habeas corpus petitions and appeals). In contrast, the filing fee of a civil rights complaint is $350.00. Inmates filing a civil rights complaint who proceed in forma pauperis are required to pay the entire filing fee in monthly installments which are deducted from the prison account. See 28 U.S.C. § 1915(b). In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Because of these differences, the court generally do not sua sponte re-characterize a habeas pleading as a civil rights complaint.

Fed. Bureau of Prisons, 432 F. 3d 235, 242 n.5 (3d Cir. 2005). Thus, Petitioner's challenges will be dismissed for lack of habeas corpus jurisdiction. Such dismissal will be without prejudice to Petitioner's commencement of a civil action based on the alleged sanctions.[3]

IT IS, therefore, on this  6th  day of  September , 2011,

ORDERED that Petitioner's motion, Docket Entry No. 5, seeking restoration of this matter to the Court's active docket, is granted; and it is further

ORDERED that the Clerk shall restore this matter to the Court's active docket by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that the Petition, Docket Entry No. 1, is dismissed for lack of habeas corpus jurisdiction, without prejudice to Petitioner's initiation of a separate civil action raising the claims asserted in this matter; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail; and it is finally

---

[3] This Court, however, stresses that no statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's position as to substantive or procedural validity (or invalidity) of Petitioner's claims in the event these claims are raised by means of a civil complaint.

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED."


                                          /s/Noel L. Hillman
                                          **NOEL L. HILLMAN**
                                          **United States District Judge**

At Camden, New Jersey